IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION AT JACKSON

DAVID LINDSEY, individually and as
next kin and as Administrator of the Estate of
KRISTI MILLS,
deceased,

    Defendant/Counter-Plaintiff/                        Docket No. 1:15-dv-01117-JDB-egb
    Cross-Plaintiff,

v.

ODY UDEOZO and JOSEPHINE UDEOZO, as
Administrators of the Estate of CHINELO UDEOZO,
Deceased,

    Plaintiffs/Counter-Defendants,

and

LSH TRANSPORT, LLC, TIM MILLS, as
Personal Representative of the Estate of
TONY R. MILLS, STEVE HURT,
T. MARZETTI COMPANY, BRIAN MURRAY,
COOPER TRUCK LINE, INC., GLENDA
HARTMANN, ARMADA SUPPLY CHAIN
SOLUTIONS, LLC, LEVERAGED EXECUTION
PROVIDERS, LP, MEADOWBROOK MEAT
COMPANY, INC. d/b/a MBM CORPORATION,
K & S TRUCKING,
UNITED FINANCIAL CASUALTY COMPANY,
d/b/a PROGRESSIVE INSURANCE COMPANY,
PROGRESSIVE CASUALTY INSURANCE
COMPANY, and TRINITY INSURANCE
SERVICES, LLC,

    Cross-Defendants.

**ORDER DENYING K & S TRUCKING'S
MOTION TO DISMISS**

On May 13, 2015, Plaintiffs, Ody Udeozo and Josephine Udeozo, individually and as Administrators and Next Friends for the Estate of Chinelo Udeozo, deceased, brought this civil action for damages against Defendants, LSH Transport, LLC; Tim Mills, as Personal Representative of the Estate of Tony R. Mills, deceased; David Lindsey, as Personal Representative of the Estate of Kristi Mills, deceased ("the Estate"); Steve Hurt; T. Marzetti Company; Armada Supply Chain Solutions, LLC; Leveraged Execution Providers, LP; Meadowbrook Meat Company, LLC; United Financial Casualty Company d/b/a Progressive Insurance Company; Progressive Casualty Insurance Company; and Trinity Insurance Services, Inc., arising from the wrongful death of Chinelo Udeozo, which occurred during a fatal, multi-vehicle accident that occurred on Interstate 40 in West Tennessee. (Docket Entry ("D.E.") 30.) In his answer to the Amended Complaint, the Estate filed a cross-claim against K & S Trucking ("K & S"), alleging it as the alter-ego of Defendants, Hurt and/or LSH Transport. Thus, argues the Estate, the allegations in his cross-claim against them also apply to K & S. (D.E. 32.) Before the Court is a motion to dismiss by K & S pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 71.) For the reasons set forth below, Defendant's motion is DENIED.

I.      Standard of Review

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) instructs that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) requires that the Court "accept all material allegations as true and construe them in the light most favorable to the non-moving party." *Top Flight Entm't, Ltd. V. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

2

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court delineated a two-prong test for analyzing 12(b)(6) motions. First, the reviewing court should consider what allegations are merely "legal conclusions" and disregard them when ruling on the motion. *Id.* at 678. Second, the court should evaluate the remaining well-pleaded facts and determine whether they give rise to a "plausible claim for relief." *Id.* at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## II. Legal Analysis

Rule 13 of the Federal Rules of Civil Procedure governs counterclaims and crossclaims, and subsection (h) instructs that Rule 20 governs "the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h). The 1966 Amendment to Rule 13 emphasizes that "Rule 13(h) has . . . been inadequate in failing to call attention to the fact that a party pleading a counterclaim or crossclaim may join additional parties when the conditions for permissive joinder of parties under Rule 20 are also satisfied." *Id.* advisory comm. note. Thus, a

3

party pleading a counterclaim or crossclaim may join a new party as long as Rule 20's requirements are satisfied. Rule 20 of the Federal Rules of Civil Procedure permits a person to be

> joined in one action as [a] defendant[] if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20.

In *Wells Fargo Bank v. Gilleland*, the defendants filed an answer in which new parties were added pursuant to counterclaims, but one new party, Lerner, Sampson & Rothfuss ("LSR"), was labeled as a third-party defendant. 621 F. Supp. 2d 545, 546 (N.D. Ohio 2009). After removal to federal court, LSR argued that it was improperly categorized as a third-party defendant. *Id.* Finding that the term "third-party defendant" did not correctly describe LSR, the court explained:

> Since joinder of LSR was achieved by using Rules 13(h) and 20, as admitted by Defendants in their reply to LSR's brief in opposition to remand, LSR must either be a crossclaim defendant or a counterclaim defendant, depending upon the relationship between Defendants and LSR. Party joinder may be used by a Defendant only if the Defendant has asserted a counterclaim or crossclaim in the action. Rule 13 makes clear that a Crossclaim by definition is directed against a co-party, e.g. a co-defendant, distinguishing it from a Counterclaim which is directed against an opposing party. Indeed, a counterclaim is any suit by a defendant against the plaintiff including any claims properly joined with the claims against the plaintiff. A counterdefendant need not also be a plaintiff.

*Id.* at 547-48. After examining the difference between a counterclaim and a crossclaim, the court reasoned that "[i]n light of the fact that LSR is not a co-party with Defendants, the claims asserted against LSR are properly termed counterclaims, making Defendants counterclaim plaintiffs and LSR a counterclaim defendant as to those claims." *Id.* at 548.

4

Defendant puts forth two arguments in support of its motion to dismiss: (1) because K & S was not an original defendant, and thus not a co-party of the Estate, a crossclaim is not permitted; and (2) a third-party complaint is inappropriate because no issue of indemnity or contribution exists. (D.E. 71-1 at 6-7.) K & S emphasizes that Rule 13(g) allows a crossclaim only "by one party against a coparty." (*Id.* at 4); *see* Fed. R. Civ. P. 13(g). The Estate concedes that a third-party complaint is improper, and thus that issue is moot.

Defendant is correct in asserting that a crossclaim is improper because it is not a co-party as required by Rule 13. However, as in *Gilleland*, the issue in the instant matter is one of mischaracterization. The Estate's claims against K & S are in fact counterclaims rather than crossclaims, making Defendant a counterclaim defendant and the Estate a counterclaim plaintiff. Although "a counterclaim is any suit by a defendant against the plaintiff including any claims properly joined with the claims against the plaintiff," *Gilleland*, 621 F. Supp. 2d at 548, Rule 13 does not require a counterclaim defendant to also be a plaintiff. *See* Fed. R. Civ. P. 13(a)(c), 13(h). Despite the fact that the Estate mislabeled K & S, "the court is not thereby precluded from viewing the action as an invocation of Rule 13(h) . . . ." *Indep. Liberty Life Ins. Co. v. Fiduciary & Gen. Corp.*, 91 F.R.D. 535, 538 (W.D. Mich. 1981); *Levine v. Landy*, 860 F. Supp. 2d 184, 187-88 (N.D.N.Y. 2012) (Although defendants styled their claims against the counter-defendants as "third-party claims," and refer to the two as "third-party defendants," it should be noted that this is not a case of true third-party practice."). There is "no need . . . to penalize a litigant for mislabeling a motion." *Rieser v. District of Columbia*, 580 F.2d 647, 655 (D.C. Cir. 1978).

The Estate asserts that Defendant is the alter ego of two other Defendants that he has proper crossclaims against, and if proven it would thus be liable for damages arising from the

fatal, multi-vehicle accident. Therefore, the right to relief arises from the same occurrence and a common question of fact exists. *See* Fed. R. Civ. P. 20(2)(A)-(B). Although K & S is a new party, Rule 13(h) allows the addition of a new party as long as Rule 20 is satisfied. *See* Fed. R. Civ. P. 13(h). As the Estate properly joined Defendant pursuant to Rule 20, it has complied with Rule 13(h). The mere fact that the Estate mischaracterized its proper counterclaim again K & S as a crossclaim should not result in a dismissal for such a technical flaw. *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."); *Indep. Liberty Life Ins. Co.*, 91 F.R.D. at 535, 538 ("As Justice Black once observed, '[t]he principal function of procedural rules should be to serve as useful guides to help, not hinder, persons who have a legal right to bring their problems before the courts.'" (quoting Order Adopting Revised Rules, 346 U.S. 946 (1954))). As such, Defendant's motion to dismiss is DENIED.

### III. Conclusion

The Estate has properly joined K & S pursuant to Rule 20 of the Federal Rules of Civil Procedure and has an appropriate claim against it, although the Court points out that the joinder is one for a counterclaim as opposed to a crossclaim. For the reasons stated herein, Defendant's motion to dismiss is DENIED.

IT IS SO ORDERED this 24th day of November 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE